UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GABRIEL XAVIER COLLINS, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:20-CV-82-CLC-HBG |
| SEVIER COUNTY SHERIFF'S DEPARTMENT, et al., | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and Standing Order 13-02. The Court is in receipt of a pro se prisoner's Motion for Leave to Proceed in Forma Pauperis [Doc. 1] and his Complaint [Doc. 2] for violation of 42 U.S.C. § 1983.

It appears from the Motion for Leave to Proceed in Forma Pauperis [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 1**] be **GRANTED**. The Court further **RECOMMENDS** that Defendant Sevier County Sheriff's Department be **DISMISSED** from this case but that Plaintiff's claims against Defendants Johnathan Hays and Dexter Robins proceed.

**I.   FILING FEE**

By way of background, Plaintiff filed an Application to Proceed in Forma Pauperis ("Application") [Doc. 1], but he did not file a Prisoner Account Statement Certificate ("Certificate"), along with a certified copy of his inmate trust account statement for the previous six-month period pursuant to 28 U.S.C. § 1915(a)(2). On March 11, 2020, the Court entered a

Deficiency Order [Doc. 3], directing Plaintiff to submit a Certificate, completed by the appropriate institutional officer, along with a certified copy of his inmate trust account for the previous six-month period.

Plaintiff filed a completed Certificate, with the appropriate institutional officer's signature, stating that he has $0 in his account and that the average in his inmate trust account during the last six months is $78.00. [Doc. 4]. Plaintiff, however, did not file a copy of his inmate trust account for the last six months. The Court entered a Second Deficiency Order [Doc. 5], noting that Plaintiff filed the Certificate but did not file a copy of his inmate trust account for the last six months. On June 17, 2020, Plaintiff filed another Certificate, which shows $0.77 in his account and an average of $75 in his inmate trust account during the last six the months. [Doc. 6].

Plaintiff again did not file a copy of his inmate trust account for the last six months. Nevertheless, because the Court construes a pro se filings liberally and it appears from both Certificates that Plaintiff meets the requirements to proceed in forma pauperis, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 1**] be **GRANTED**. Because Plaintiff is an inmate in the Sevier County Jail, however, the Court further **RECOMMENDS** that he be assessed the civil filing fee of $400 pursuant to 28 U.S.C. § 1915(b)(1). *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

## II.  COMPLAINT SCREENING

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard

2

Case 3:20-cv-00082-CLC-JEM    Document 7    Filed 07/07/20    Page 2 of 5    PageID #: 24

articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the instant matter, Plaintiff filed a Complaint, alleging violations of 42 U.S.C. § 1983 against Defendants Sevier County Sheriff's Department, Johnathan Hays, and Dexter Robins. [Doc. 2 at 3]. Plaintiff alleges that at the time he was arrested and placed in handcuffs on August 13, 2019, Defendants Robins and Hays picked Plaintiff up off his feet and slammed Plaintiff on his face. [*Id.* at 4]. Plaintiff alleges that he sustained a fracture to his neck in two places. [*Id.*]. Plaintiff states that he attempted to tell the officers that his neck and right arm were hurt, but they ignored him. [*Id.*]. Plaintiff alleges that Defendants Hays and Robins "yanked" Plaintiff by his right arm. [*Id.*]. Plaintiff avers that Defendants Hays and Robins also hit Plaintiff's head on the doorways while walking out of a building. [*Id.*]. Plaintiff states that he was taken to the hospital after the incident. [*Id.*]. Plaintiff avers that the incident is on the body camera footage and that he has several witnesses to the incident. [*Id.*]. Plaintiff requests $3 million from the Sheriff's Department, in addition to medical expenses. [*Id.*].

As mentioned above, Plaintiff has named the Sevier County Sherriff's Department as a Defendant in this action. "[T]he Sixth Circuit and courts in this district have previously held that

a county sheriff's department is not an entity subject to suit under § 1983." *Starnes v. Bedford Cty./Jail/Sheriff Dep't*, No. 4:16-CV-22-CLC-CHS, 2016 WL 1239262, at *2 (E.D. Tenn. Mar. 29, 2016) (collecting cases). Because the Sevier County Sherriff's Department is not subject to a suit under § 1983, the Court finds that Plaintiff has failed to state a claim against this Defendant and **RECOMMENDS** that the Sevier County Sheriff's Department be dismissed.[1]

However, Plaintiff also asserts that Defendants Hays and Robins slammed Plaintiff while Plaintiff was in handcuffs, causing his neck to fracture in two places. "The Fourth Amendment of the United States Constitution protects a person from being subject to excessive physical force during the course of an arrest, a booking, or other police seizure." *Malory v. Whiting*, 489 F. App'x 78, 82 (6th Cir. 2012) (citing *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009)); *see Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."). The determination of whether an officer exerted excessive force during the course of an arrest is determined under an "objective reasonableness" standard. *Id.* at 396–97.

"Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (citing *Dorsey v. Barber*, 517 F.3d 389, 399 n.4 (6th Cir. 2008)). "To hold an officer liable for the use of excessive force, a plaintiff must prove that the officer '(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'" *Id.* (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)).

---

[1] Even if Plaintiff meant to name Sevier County as opposed to the Sevier County Sheriff's Department, he has failed to state a claim. "[T]he County is not liable for an injury inflicted solely by an employee or agent on a theory of *respondeat superior*." *Starnes,* 2016 WL 1239262, at *3 (citing *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) ("As we have already explained here and over the years, a defendant cannot be held liable under section 1983 on a *respondeat superior* or vicarious liability basis.")).

Based upon the allegations in the Complaint, the Court finds that Plaintiff plausibly states excessive force claims under § 1983 against Defendants Hays and Robins. Therefore, the Court **RECOMMENDS** that Plaintiff's claims proceed against Defendants Johnathan Hays and Dexter Robins.

## III. CONCLUSION

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Application to Proceed in Forma Pauperis [**Doc. 1**] be **GRANTED**.[2] Because Plaintiff is a prisoner, however, the Court further **RECOMMENDS** that he be assessed the civil filing fee of $400. *See* 28 U.S.C. § 1915(b)(1). The Court further **RECOMMENDS**[3] that the Sevier County Sheriff's Office be **DISMISSED** from this action and that Plaintiff's claims proceed against Defendants Johnathan Hays and Dexter Robins.

Respectfully submitted,

*Bruce Guyton*
United States Magistrate Judge

---

[2] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed in forma pauperis.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).