UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GABRIEL XAVIER COLLINS, | |
| *Plaintiff*, | |
| v. | Case No.: 3:20-cv-82 |
| | Judge Curtis L. Collier |
| SEVIER COUNTY SHERIFF'S DEPARTMENT, et al., | Magistrate Judge H. Bruce Guyton |
| *Defendants*. | |

## **O R D E R**

On July 7, 2020, United States Magistrate Judge H. Bruce Guyton issued a Report and Recommendation ("R&R"), recommending that Plaintiff's motion for leave to proceed in forma pauperis be granted and Plaintiff be assessed a $400 filing fee, Defendant Sevier County Sheriff's Department be dismissed from the case, and the claims against Defendants Johnathan Hays and Dexter Robins be permitted to proceed. (Doc. 7.) More than fourteen days have passed and the parties have not filed any objections to the R&R.

After reviewing the record, the Court agrees with the Magistrate Judge's recommendations, except for the amount of the filing fee. Liberally construing Plaintiff's filings, it appears he does meet the requirements to proceed in forma pauperis. Because Plaintiff is a pro se prisoner, he should be assessed a $350 filing fee.[1] The Court agrees Plaintiff's claims against Sevier County Sheriff's Department should be dismissed because it is not subject to suit under 42 U.S.C. § 1983,

---

[1] Effective May 1, 2013, the Judicial Conference of the United States established a $50 administrative fee for filing a civil action in a United States District Court, which resulted in an increase of the civil filing fee from $350 to $400. However, the $50 administrative fee does not apply to cases filed by pro se prisoners who have been granted permission to proceed in forma pauperis under 28 U.S.C. § 1915, as is the case here.

and even if Plaintiff intended to sue Sevier County, he cannot allege liability based solely on the theory of respondeat superior. Finally, the Court agrees Plaintiff has plausibly stated excessive force claims against the remaining defendants, and therefore will allow those claims to proceed.

The Court thus **MODIFIES** and **ACCEPTS** the Magistrate Judge's findings of fact, conclusions of law, and recommendations (Doc. 7). Accordingly, the Court **ORDERS** as follows:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 1) is **GRANTED;**

2. Plaintiff is **ASSESSED** a $350 filing fee pursuant to 28 USC § 1915(b)(1). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Main Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid. 28 U.S.C. § 1915(b)(2). The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Attorney General for the State of Tennessee, and to provide a copy to the Court's financial deputy;

3. Even liberally construing the amended complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to Defendant Sevier County Sheriff's Department and this Defendant is therefore **DISMISSED**;

4. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Johnathan Hays and Dexter Robins. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of entry of this memorandum and order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service pursuant to Fed. R. Civ. P. 4. Plaintiff is **NOTIFIED** that failure to return the completed service packets within the time required may result in dismissal of this action for want of prosecution and/or failure to follow Court orders; and

5. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address

to this Court within fourteen days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**