UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GABRIEL XAVIER COLLINS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | No.: 3:20-CV-00082 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| JONATHAN HAYS and ) | |
| DEXTER ROBBINS, ) | Magistrate Judge Jill E McCook |
| *Defendants.* ) | |

# **M E M O R A N D U M**

On May 3, 2022, the Court ordered Plaintiff, Gabriel Xavier Collins, to show cause within thirty days why the Court should not dismiss the action for lack of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure.[1] (Doc. 27.) More than thirty days have elapsed and Plaintiff has not responded to the Show Cause Order or made any other filings.

## I. **BACKGROUND**

Plaintiff, a state prisoner acting *pro se*, filed a complaint under 42 U.S.C. § 1983 against Defendants on February 26, 2020. (Doc. 2.) He filed a motion for leave to proceed *in forma pauperis* ("IFP"), or without prepayment of court costs, on the same day. (Doc. 1.) After several deficiency orders, the IFP application was granted in August 2020 and service of process was accomplished in October 2020. (Docs. 3, 5, 7, 8.) Defendants answered on November 2, 2020. (Doc. 14.)

The Court issued a scheduling order on January 14, 2021. (Doc. 17.) Among other deadlines, the Court required a pretrial narrative statement from Plaintiff on or before February 18, 2022. (*Id.* ¶ 6(e).) While Plaintiff made some of the filings required by the Scheduling Order

---

[1] Plaintiff is currently incarcerated and proceeding pro se.

(*see* Docs. 19, 21), he has not filed his pretrial narrative statement, and he has not filed anything since March 29, 2021.

On March 2, 2022, Defendants filed a motion to dismiss for lack of prosecution. (Doc. 25.) Plaintiff did not reply. The Court then issued its Show Cause Order on May 3, 2022. (Doc. 27.) Again, Plaintiff did not reply. Trial is scheduled for August 8, 2022. (Doc. 29.)

II. **STANDARD OF REVIEW**

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court," either upon the defendant's motion or on its own initiative. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). The Court must consider four factors in determining whether to exercise its discretion to dismiss a case for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Carpenter*, 723 F.3d at 704. Dismissal of a case with prejudice is a harsh sanction which should apply only in extreme situations, since it deprives a plaintiff of his day in court. *Id.* (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Such a sanction is not usually appropriate where the neglect at issue is the fault of an attorney, rather than of the client. *Id.*

III. **DISCUSSION**

The Court considers each of the four relevant factors below.

### A. Willfulness, Bad Faith, or Fault

To support a finding of willfulness, bad faith, or fault, there must be "a clear record of delay or contumacious conduct." *Carpenter*, 723 F.3d at 704 (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)). Contumacious conduct is behavior which is "perverse in resisting authority" and "stubbornly disobedient." *Id.* at 704–05 (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). Such behavior must display "either an intent to thwart judicial proceedings or a reckless disregard for the effect of [such] conduct on those proceedings." *Id.* at 705 (quoting *Wu*, 420 F.3d at 643).

Plaintiff has engaged in delay and contumacious conduct. He has failed to respond not only to Defendants' motion to dismiss for lack of prosecution (Doc. 25), but also to this Court's Show Cause order (Doc. 27). These two failures to respond demonstrates at least reckless disregard for the effect of his failure to prosecute on these proceedings. He has also failed to file his pretrial narrative statement (*see* Doc. 3 ¶ 6(e)), despite having complied with other deadlines in the Scheduling Order (*see* Docs. 19, 21). This demonstrates his awareness of the Scheduling Order and his deliberate choice to stop complying with it, which tends to indicate contumacious conduct. The Court therefore **FINDS** there has been willfulness, bad faith, or fault under the first factor.

### B. Prejudice

A plaintiff's dilatory conduct prejudices a defendant "if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Carpenter*, 723 F.3d at 707 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997). Plaintiff's failure to file his pretrial narrative statement required Defendants to spend time and money on a motion to dismiss, which would not have been necessary if Plaintiff

had met his obligations under the Scheduling Order. In addition, in their motion to dismiss, Defendants argue they have been prejudiced by not receiving Plaintiff's pretrial narrative statement, which has hampered them in their effort to prepare for trial. (Doc. 26 at 3.) The Court accordingly **FINDS** there has been prejudice to Defendants under the second factor.

### C. Notice

The Show Cause Order explicitly warned Plaintiff as follows: "Plaintiff is **NOTIFIED** that if he fails to timely comply with this order, this matter will be **DISMISSED** for failure to prosecute and failure to comply with Court orders." (Doc. 27 at 2.) The Court accordingly **FINDS** there was sufficient notice to Plaintiff under the third factor.

### D. Lesser Sanctions

Before dismissing a case with prejudice for failure to prosecute, a court should consider whether lesser sanctions would better serve the interests of justice. *Carpenter*, 723 F.3d at 709 (quoting *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232–33 (6th Cir. 1983)). "[T]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Wu*, 420 F.3d at 644 (emphasis in original) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001)). Possible lesser sanctions include monetary sanctions such as a fine, costs, or damages; barring a party from introducing certain evidence or participating in oral argument on a motion; additional warnings; or dismissal without prejudice. *See, e.g.*, *Carpenter*, 723 F.3d at 709.

The Court has considered a number of sanctions in this case. Sanctions less than dismissal, such as monetary sanctions or additional warnings, would not be appropriate or effective; Plaintiff has already demonstrated his indigent status, and his failure to comply with earlier orders and warnings demonstrate that additional warnings would be ineffective. Dismissal with prejudice, on

the other hand, is a harsher sanction than necessary under these circumstances. The Court concludes that dismissal without prejudice is the appropriate sanction here. The Court therefore **FINDS** the availability of other potential sanctions weighs against a dismissal with prejudice at this time, but that a dismissal without prejudice is warranted.

## IV. CONCLUSION

All four factors weigh in favor of dismissal of Plaintiff's case as a sanction. The Court finds that a dismissal without prejudice, rather than with prejudice, is the appropriate sanction. Therefore, the Court will **DISMISS** Plaintiff's case **WITHOUT PREJUDICE**.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**